3-16-0504 People of the State of Illinois and Appalachia by Justin Nicolosi v. Frederick Holt, Appellant by James Wozniak James Wozniak, State Appellant, Frederick Holt Your Honors, first I just want to briefly cover my first argument, and that is that this Court should follow the holding of people named Johnson in this Court. It's now pending for the Illinois Supreme Court to find that Mr. Holt cannot be guilty of burglary as a matter of law. The Johnson Court decided that as long as a person, even if they enter a retail establishment with the intent to commit a theft, does not exceed the authority to essentially go to an area that the public is not permitted in, that he cannot be guilty of burglary as a matter of law. Mr. Holt is actually the co-defendant of Mr. Johnson, so Mr. Johnson's case and facts share some similarities. Again, the Court should follow that Johnson has been fronted by the Supreme Court currently awaiting a briefing. But what I would urge this Court to do is that regardless of what the Supreme Court does in the Johnson case, even if it reverses this Court, this Court can still reach the issues and find that the State failed to prove Mr. Holt guilty of burglary and retail theft beyond a reasonable bound. Again, the jury found Mr. Holt guilty of burglary and retail theft. And to put it quite simply, obviously there's multiple elements for retail theft part, but quite simply the State has to prove that Mr. Holt took possessions of a retail mercantile establishment, a Walmart in this case. Should the Johnson case be reversed by the Supreme Court and approve a burglary, the State would have to prove that Mr. Johnson entered a Walmart in this case with intent to commit a theft. There was no direct evidence presented in Mr. Holt's case that he directly took anything from Walmart. So they have to circumstantially show that he committed a burglary, and to circumstantially show it they have to show that he committed a theft. And that's where the State failed in their purpose. Now I want to rehash the evidence very quickly. I want to say quickly not just to rush, but also to point out the lack of evidence the State had in this case. There was a Ms. Peppers who was a customer of Walmart. She sees two men, what she says, exit Walmart. She identifies one of them as the defendant, Mr. Holt. She sees Mr. Holt taking some fabric, what she says, out of his pants, placing the men, putting items of clothing or fabric in a backpack, and then re-entering the store. The backpack ends up being some sort of, what she says, vending machine. She sees the men walk out of the store. She sees Mr. Holt sit on the bench outside of the store. She calls the police. The police show up and find Mr. Holt sitting outside of the store. They see a backpack that is sitting on top of this coin-store machine. They find clothing items in it. Mr. Holt does not claim ownership of the clothing items. He does not claim ownership of the backpack. They find some clothing items in his pants. There is a Ms. Cortney from Walmart who testifies that the items that were covered in the backpack and on Mr. Holt's person were items offered for sale in Walmart. There was also video that was presented. Ms. Cortney said it was surveillance video from Walmart. No one testified as to what was actually shown on the video, who the people were, or identified any particular persons. She indicated that there are dead spots in Ms. Rockfall's Walmart that the video does not cover. There was no evidence presented that the video showed Mr. Holt or anyone taking items actually from Walmart's shelves. All the state actually proved was that Mr. Holt possessed items that Walmart offered for sale. They didn't show that he took the items. They didn't show that he failed to pay for the items. They didn't even prove that these items had any value. There was no testimony presented as to how much these items cost or were worth. All the state showed was an assumption that Mr. Holt must have taken the items because Mr. Holt possessed them in what the prosecutor argued in the trial. The state argued in its brief series that he possessed them in an unusual way within his pants. Assumptions and projections, though, are not proof beyond a reasonable doubt. The state just proves that Mr. Holt's got clothes on him. I would gather that several people in this room might have possessions on them that they bought from Walmart, a multi-billion dollar corporation. And I would guess that almost all of us, that all of our clothing items that we wear, most of the items were bought in some sort of retail establishment. But we wouldn't have little children's clothes on. You would not be wearing them, yes, but that doesn't mean that you wouldn't be possessing them. That you could be possessing any matter of objects or things. And I think what the heart of this case is the state's proofs of is it enough for a police officer to stop someone and they have items on them? A employee of a store says, those are items we offer for sale, and that's it. And then take the unusual circumstance to an outsider that someone might be possessing, holding those items, and say, that's enough to prove theft. I think the fundamental tenets of not only the retail theft law and vicariously burglary, but property law itself is that someone has to prove possession. Now Walmart, as Ms. Courtney says, these are items that are offered for sale. She didn't say that these were, there's no proof that these were specifically from the Rock Falls Walmart. Again, Walmart has multiple locations, not only in the United States. Did they have the tags on them still? Some of the items did have tags that said Walmart and some of the items did not. I think when I saw you in the reply group, there's the Housable case, and in that case there's a feminist possessing stolen property. And what the court said in that case is that, yes, when someone possesses stolen property, they might be a broker. They might be in possession of that stolen property, or they might be an, quote, innocent victim of circumstances. The rationale of the Housable case is you can be an innocent victim of circumstances when you're possessing stolen property. What the state failed here is they did not show that the property itself was actually stolen. It was actually missing from the Walmart Rock Falls, or Rock Falls and Walmart. What was the stolen property in Housie? I do not recall, Your Honor, what the specific property was. I do know that it was stolen property that was found on Ms. Femina. But that, in and of itself, that a person could be still possessing stolen property and be an innocent victim of circumstances. I could sort of understand that if you were talking about a cell phone or something like that. But to have children's clothing stuffed in your clothes is a little bit harder argument to make. Maybe it's a harder argument because Mr. Holt or an adult is not going to be wearing those children's clothes. But I assume most children's clothes are bought by parents or bought by adults. So there's a number of reasons why Mr. Holt could have possessed children's clothes in a legal way. He could have purchased them in a different store. He could have found them. There's a multitude of ways that he could have possessed them. I think the problem here is that it's not the nature... The issue is not the nature of how Mr. Holt possessed the children's clothes. It's that the state has to show that those clothes and those items are actually property missing or stolen from the homeowner. More than just offered for sale. If your watch... Today I'm outside of the court and I see someone with their watch and I say, Well, that's Justice McVeigh's watch. I know that's Justice McVeigh's watch. And I call the police and I say, This person has Justice McVeigh's watch. And maybe I see them putting it in their pants. But you are never called to testify saying that's my watch and I didn't authorize anyone to have it or it was taken from me. I don't know how the state can prove that that person has committed theft because you as the owner of the property have not identified that property as taken from you. Now, yes, this court identifies this property as being offered for sale at Wal-Mart, at the Rockwell's in Wal-Mart specifically, but they're a retail establishment. They sell the property. So again, anything that someone possesses from Wal-Mart, one of the assumptions made is that the person bought the property. Again, the state has to prove the theft. They have to prove that Wal-Mart actually is missing its items. And what the state argues in their brief is that, well, you know, the jury could have made the assumption that had the Miss Corker of Central Wal-Mart bothered to check that they'd be shown that these items were missing from their inventory. But they didn't do that. If it's such a simple thing as the state says that they could have checked, hey, these items are missing from our inventory, why didn't they do that? Why didn't the state have someone from Wal-Mart ask Miss Corker specifically, were these items missing from your inventory? And pulling together a company of Wal-Mart size would have the capability and the computer system to easily tell, did they sell these items today? How many of these are supposed to be on the shelf? How many do we have? We're missing a few of them. That's the number that Miss Corker has. All right. I'd like to move on, Your Honors, unless there's any other questions about the reasonable doubt argument. This is to the new trial issue that I raised. Again, for the court, this is what the prosecutor said in her rebuttal. I can present it only with evidence that I've been given since. What matters is that these clothes were not paid for. They were in the defendant's pants. He never gave an explanation as to why they were in his pants. When officers asked, the defendant's counsel was right. He doesn't have to. But if I didn't commit a crime, I would say something to officers. I would offer an explanation. The trial court found that statement to be error in the first trial motion. The prosecutor, although admitted it was error, she did not concede it. But didn't sternly argue that it wasn't something that she probably shouldn't have said. The state has conceded that that is error as well. So the question potentially about the court here is how can the court reach this issue and whether or not that error was prejudicial to Mr. Holt. We would argue that this error has been preserved for review. It was not objected to by defense counsel, but it was raised in the post-trial motion. The court recognized defense counsel did not object to the statement by the prosecutor, but said that the court could have cured the error itself, so the sponte is what the court said, ignored the objection, and then ruled on the motion itself. The court ultimately did another harmless error analysis and said that in its opinion that the evidence was overwhelming, and thus the defendant was not prejudiced by the statement. This court obviously can reach this issue under a prior analysis or an effective assistance of counsel analysis as I've raised in my briefs, but I do believe that this has been preserved for review, and the statement was highly prejudicial to the defendant. Are there any other questions, Your Honors? I ask this court to make statements that hold convictions outright. The state failed to prove that Mr. Holt was guilty without a reasonable doubt. This court finds that Mr. Holt has not succeeded in either of his reasonable doubt arguments to vacate his conviction or the harmless error for review proceedings. Thank you, Your Honors. Thank you, Mr. President.  Good morning, Your Honors. Counsel, regarding the first issue, just as the state did in their brief, I would ask this court to hold this decision in abeyance regarding whether or not the defendant can convict the defendant verbally as a matter of law. Of course, the Supreme Court has accepted the appeal in the Johnson case. It's going to decide that at some point, and I think it's very reasonable to assume that that decision will directly impact the law as it stands and would relate it to our decision here. So you're asking us to stay the decision until the Supreme Court decides? Yes. Yes, if this court chooses not to do that, then the state would ask this defense within our brief that this court should not follow its own decision in the Johnson case because the state says that that decision is not well-reasoned. And the reasons for that opinion are highlighted in the Fourth District's decision in Peeble v. Burlington. The Burlington court pointed out that the Supreme Court case that this court cited in support of this decision in Johnson, which was Peeble v. Bradford, actually discussed a different form of burglary than we're dealing with in our case in Johnson. Bradford dealt with the burglary by remaining in the section, whereas this case in Johnson, he was not charged with burglary by remaining in the Walmart. He was charged with burglary. Both defendants were charged with burglary, formerly intent to commit burglary, when they entered the Walmart. Those are very distinct differences, and Burlington highlights that. The Burlington court also cited an older Supreme Court case in 2010, Peeble v. Mueller, as an example where a defendant was convicted of burglary by entering and retail theft, whereas this court in Johnson stated that the retail theft statute should wholly encompass shoplifting crimes, whereas the Burlington court noted that prosecutors do have discretion given a set of facts how they want to proceed, and even the Supreme Court has found that they can't proceed on a burglary by entering charge when a simple shoplifting case has happened. And the Burlington court highlighted again that just because multiple offenses cover a defendant's conduct is not any reason to limit a prosecutor's discretion, and this court cited largely prosecutorial discretion as a reason to reverse the defendant's burglary conviction for burglary by entering on a misstatement. Burlington is a better decision and more applicable. Moving on to the facts of this case, the state must note that the standard of review in a matter of talking about the sufficiency of the evidence is whether any rational trial of fact would have found, as the jury did in this case, if so, this court should affirm. And the state strongly submits that any rational trial of fact could have found the defendant guilty of theft and entering and attempting to commit theft. The jury heard that a witness saw the defendant taking little girls' clothes out of his own clothes, putting them in a backpack, stashing the backpack, and going back into the Walmart. When he exited, he was confronted by police, and eventually they found more clothing underneath his clothes, and that was also girls' clothing, again, underneath his clothes. This isn't a retrial. The jury heard all of that evidence. They considered the credibility of the witnesses, they weighed all of this evidence, and they were able to draw, and the law is pretty clear that the jury, the trial of fact, is able to draw reasonable inferences stemming from the evidence presented. In this case, we have a man who twice is seen having girls' clothing under his clothing, and has exited the Walmart twice. True, the state did not present evidence that nobody saw him actually take the items off the shelves in Walmart. The security cameras did not observe him do that. The Walmart employee did not testify that these items that were found were specifically taken from Walmart. They proved that in that trial. Isn't that something that they needed to prove, is that not just that they were an item that Walmart has for sale, but that they're from this Walmart, and that it is missing inventory? Judge, certainly the state should have done that, and there would have been a better practice to do that. If that hadn't been said, the evidence that they did present, I think you could easily draw reasonable inferences that those items were taken from Walmart. If the defendant's position is to be believed that he didn't steal these items then, we would have to believe, the jury would have to believe, that he entered Walmart the first time with all of his clothing on his person, leave once, put it in a backpack, which he brought, and then stashed that on the CoinStar machine, go back in, but didn't take all of the clothes out of his own clothing to begin with, and then later when police searched him again more, that was already in there from before. It's just not a reasonable inference that could be drawn. The state says the jury properly reasoned that the defendant must have, all these items were for sale at that Walmart, the defendant must have taken them. Again, this is not a retrial. We're not rehashing the evidence and starting from scratch. The jury heard all of this evidence, weighed on that, and the state submits the rationale for the fact, could have convicted the defendant based on the evidence presented. The state also would submit that the evidence was pretty strong that the defendant entered, regarding the burglary conviction, that he entered with the intent to commit that theft, that he brought a backpack on his own, he wasn't going to buy anything, so he wasn't going to have the stuffed bag, so he brought his own bag. He went with Darren Johnson, of course, the police defendant. They clearly had a plan, they intended to do this. They both basically committed the same offenses, and the fact that he went back inside after leaving the first time and taking more items is a strong evidence of intent. Mr. Nicolosi, if I remember correctly, the defendant was not actually identified at trial as the person who was in the store. The garments and things were not identified as having come from the Walmart store. It sounds like your argument is that even if the state doesn't prove him guilty beyond a reasonable doubt, that because of the standard of review, if a rational person would think on the facts presented that he had committed the crime, that we have to find that he committed it even if the state didn't prove it. Well, Judge, the jury found that the state proved it. The jury heard the evidence and considered all the evidence. They, again, drew all these – they connected the dots between everything that was presented and they came to the conclusion that he was proven guilty. So he has been proven guilty. Except he wasn't identified. The goods were not identified as having come from Walmart. But, again, they had Walmart tags on them, and he was seen leaving the Walmart, and the officers found this evidence on him. So, again, I think the state would submit that these were reasonable inferences that the jury heard. Moving on to the final issue, the prosecutor's comments. The state does not argue that those comments were not erroneous, but the state, of course, submits that this issue has been formulated, as there was no objection to those comments during the prosecutor's rebuttal. But the state submits that this evidence was not closely balanced here, pursuant to the first prong of the plain error rule. Again, the state would, again, submit that that is a strong error based on the behaviors of the defendant exhibited there and the evidence that was found on this person by police. So, with that, I think the state would ask this court to affirm the defendant's conviction to the law, and if there are any other questions that you have. Thank you, Mr. Rosenberg, for your comment. I think, Your Honor, that what the state believes is sufficient in this case to prove Mr. Holt guilty of retail theft burglary. Imagine this example. Ms. Peppers is across the street. There's a home with a garage door on it. And any of you three justices enter that garage, and Justice McDade's question takes out, say, a children's toy, puts it outside, walks back in, takes out another children's toy, puts it outside. Ms. Peppers calls the police. The police stop you. They look at these pieces of items that were seen taken from this garage. There's some sort of serial number where there's a database, and the police can look at it and say, hey, the person that owned that home has registered these items. Well, that's enough. In the state's idea, that's enough to show the violent theft, the burglary, as you enter the garage. In Mr. Holt's case, no one actually sees him take anything from the store. Ms. Peppers, the assumption is because he's taking things from clothing, from his pants, that they had to come from the store. No one actually saw him take anything from the store. And again, the items were not only identified as offered for sale, not that they were actually missing. In the scenario that I gave, I think that the state would have to have the person who owned the property come and say, well, these items were, I didn't authorize anyone to take them. I didn't authorize this specific person. It's, you know, I'm not a physics person, but I don't know the rest of the big bang theory of the Schrodinger's cat, of, you know, a cat being alive or dead in a closed box that you can't look in with a poison vial, or the vial of poison in it. Every possession, everything that anyone is holding, you can say really at any given moment that person is lawfully or unlawfully possessing. Because absent anything else, how do you know other than they're just possessing the item? For the state to prove something beyond a reasonable doubt, they need to show that that item is missing along with someone else, more so than just offered for sale, like what the Walmart employee said. This is a retail mercantile establishment. They're in the business of selling items. They're in the business of transferring possession of items to other people. We all could have bought something from Walmart and decided to return it. And a similar scenario could occur, but we possess that item because we have purchased it. The state has to be able to show more than just the items were offered for sale to prove the retail theft beyond a reasonable doubt, and that's the only way they could get to the burglary circumstantially should the Johnson case be reversed by the Supreme Court. And Your Honors is holding this case in abeyance. Obviously, as I've argued, you can reach these reasonable doubt issues even without the Johnson case. Mr. Holt was sentenced to eight years in the Department of Corrections, and as far as I'm aware, there's no one else serving that term in the Department of Corrections. As to the, again, to the new trial issue and why I believe that this court should find that it's preserved, the issue you have here is when those words come out of the prosecutor's mouth, the defense counsel has the opportunity to object. If a defense counsel objects, you can ask for two things. Ignore the court, have the jury ignore that statement. The defense counsel knows that there's also been the inspection that limits the jury to be able to consider anything in the closing argument as evidence. One minute, please. Or the defense counsel could ask for a new trial. That remedy is still available in the post-trial motion. The court still has the opportunity, as it did here, to ignore the objection or the lack of the objection and say, well, I can reach whether or not to grant a new trial here in the post-trial motion. I think that this set of circumstances here allows for this court to find that this error has been preserved and can reach it, although it can reach it on a plenary or an effective assistance of counsel analysis as well. Again, Your Honors, if there's not any other questions, I ask that this court forward that Mr. Polk's convictions for burglary and retail theft be vacated outright, ensure it should not succeed on either one of his reasonable arguments, that this court order that his conviction has sensed be reversed and it's not going to end up for further proceedings. Is Mr. Polk still in prison? As of when I checked several days ago, yes, Your Honor. The trial was in 2015? Correct. The July 22nd, 2014, was the date of his arrest, and the trial was in 2016. I believe it was 2016. There was quite a bit of time, there was a period of time where he represented himself, and then he got counseled back, so there was quite a bit of breach of obligation on him. Okay, I'll double check, but I have February 11th and 12th of 2015. And you said eight years, was that day for day? Yes. Thank you. Is there any more questions, Your Honor? No. All right, thank you, Mr. Berkley. Thank the both of you for your argument today. We will take this matter under advisement to the effect it was a written disposition. It was in a short day.  Good day, Your Honor.